Consuelo Burgos, Petitioner, *v.* Nieves Tarrido, Warden for the District Jail of Arecibo, Defendant.

No. 677. Argued March 18, 1954.—Decided March 23, 1954.

*Santos P. Amadeo* for petitioner.

Per Curiam: Petitioner herein has moved, through her attorney, Mr. Santos P. Amadeo, for the reconsideration of our order of March 16, 1954 in which we said:

"This Court being of the opinion that it should not take original jurisdiction, the motion is denied."

That motion was a petition for a writ of habeas corpus.

In the motion for reconsideration the attorney contends that this Court has no authority to enter an order of that nature. That contention is absolutely erroneous. This Court has acted similarly in the past with respect to other cases. Our authority to so act has been recognized by the United States Court of Appeals for the First Circuit in *Jiménez* v. *Jones*, 195 F.2d 159 (C.A., 1, 1952). Petitioner's attorney does not cite that case; but he must be well familiar with it because he represented the losing party in the case. Section 13 of Article II of the Constitution of the Commonwealth of Puerto Rico has not altered in any way our authority in that sense.

In the *Jiménez* case the Court of Appeals cited with approval what we said in *Ex parte Guido*, 39 P.R.R. 441, 442:

"More and more we have become convinced that as long as a district court is available, lawyers ought to refrain from presenting a petition of habeas corpus to the judges of this court, either individually or collectively. Not only are the judges of the district courts in a better situation to summon witnesses and hear them, but the decision finally rendered can be reviewed by a full court."

In commenting on our power, the Court of Appeals stated in the *Jiménez* case, p. 163, the following:

". . . We have no doubt that the Supreme Court of Puerto Rico has full authority to adopt and apply such a rule of practice in the disposition of original petitions for writs of habeas corpus; it is no different in substance from what the Supreme Court of the United States has done. . . ."

Motion for reconsideration is denied.